**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

WILLIAM PRALLE,

       Plaintiff,

v.

COOLING & WINTER, LLC, a Georgia limited liability company; and MIDLAND FUNDING, LLC, a Delaware limited liability company,

Case No.: 2:16-cv-_____

       Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, William Pralle (**"Pralle"**), by and through undersigned counsel, and asserts claims against Cooling & Winter, LLC (**"C&W"**) and Midland Funding, LLC (**"Midland"**):

### I. INTRODUCTION

1. This is an action brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* (FCCPA).

2. This action arises out of C&W's and Midland's violations of the FDCPA and FCCPA by wrongfully and misleadingly demanding payment for an amount not due and failing to issue a satisfaction of judgment following payment of a settlement agreement.

3. Pralle seeks an award of damages under the respective Acts.

## II.   JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), 47 U.S.C. § 227, and 28 U.S.C. § 1367 for pendant state law claims.

5. Venue is proper in this District and Division because the acts and transactions occurred here and C&W and Midland are engaged in business here.

## III.   PARTIES

6. Pralle is a natural person and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and § 559.55(8), Fla. Stat.

7. C&W is a Georgia limited liability company operating from an address of 1355 Roswell Road, Suite 240, Marietta, GA 30062-3690, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and § 559.55(6).

8. Midland is a Delaware limited liability company and operates from an address of 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and § 559.55(6) as its principal purpose is debt collection.

## IV.   FACTUAL ALLEGATIONS

9. Pralle incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and § 559.55(1), Fla. Stat., namely, an obligation to pay for a personal obligation to World's Foremost Bank (the **"Debt"**).

10. Sometime thereafter, the Debt was consigned, placed or otherwise transferred to Midland for collection from Pralle.

11. Midland sued Pralle in the county court of the Twentieth Judicial Circuit in and for Charlotte County, Florida, Case Number 14-000296-CC, which resulted in a settlement agreement between them (the **"Settlement Agreement"**).  *See* Settlement Agreement attached at Exhibit A.

12. The Settlement Agreement provided Pralle would pay Midland a total of $2,400.00 over a period of 12 months in the amount of $200.00 per month beginning on October 2, 2015 and each month thereafter until complete.

13. Pralle complied with the terms of the Settlement Agreement and timely paid the monthly $200 payments to Midland's then counsel, Frederick J. Hanna & Associates, as directed by the Settlement Agreement.

14. Despite regularly, timely, and consistently making his monthly payments under the Settlement Agreement, Midland hired new counsel, C&W, and authorized them to send a dunning letter to Pralle's counsel dated April 8, 2016 misleadingly and falsely stating Pralle owed a balance of $7,263.86 (the **"Letter"**).  *See* Letter at Exhibit B.

15. The Letter likewise fails to identify or acknowledge the Settlement Agreement.

16. Pralle has been damaged as a result of C&W's and Midland's conduct as it caused him to incur additional attorney's fees for the time to review the Letter and prior Settlement Agreement.

V.   **CLAIMS**

*Count I – Violation of the FDCPA*
*Against C&W*

17.   Pralle incorporates by reference 1 – 16 of the paragraphs above as though fully stated herein.

18.   The foregoing acts and omissions of the C&W attempting to collect the alleged Debt from Pralle constitutes a violation of the FDCPA by falsely and misleadingly misrepresenting an amount that was not due and seeking to collect same.

19.   As a result of C&W's violations of the FDCPA, Pralle is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from C&W.

*Count II – Violation of the FCCPA*
*Against C&W*

20.   Pralle incorporates by reference 1 – 16 of the paragraphs above as though fully stated herein.

21.   The foregoing acts and omissions of the C&W attempting to collect an alleged Debt from Pralle while knowing the Debt was paid in full constitutes a violation of the FCCPA by claiming, attempting, and enforcing a debt known no longer to be legitimate.

22.   As a result of C&W's violations of the FCCPA, Pralle is entitled to actual damages and statutory damages in an amount of $1,000.00 and reasonable attorney's fees and costs pursuant to § 559.77 from C&W.

23.   Additionally, § 559.77 provides a court may award punitive damages. Pralle will seek to amend this claim to seek same if discovery shows punitive damages may be proper.

### *Count III – Violation of the FDCPA*
### *Against Midland*

24. Pralle incorporates by reference 1 – 16 of the paragraphs above as though fully stated herein.

25. The foregoing acts and omissions of the Midland attempting to collect the alleged Debt from Pralle constitutes a violation of the FDCPA by falsely and misleadingly misrepresenting an amount that was not due and seeking to collect same.

26. As a result of Midland's violations of the FDCPA, Pralle is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from C&W.

### *Count  IV  – Violation of the FCCPA*
### *Against Midland*

27. Pralle incorporates by reference 1 – 16 of the paragraphs above as though fully stated herein.

28. The foregoing acts and omissions of the Midland attempting to collect an alleged Debt from Pralle while knowing the Debt was paid in full constitutes a violation of the FCCPA by claiming, attempting, and enforcing a debt known no longer to be legitimate.

29. As a result of Midland's violations of the FCCPA, Pralle is entitled to actual damages and statutory damages in an amount of $1,000.00 and reasonable attorney's fees and costs pursuant to § 559.77 from Midland.

30. Additionally, § 559.77 provides a court may award punitive damages.  Pralle will seek to amend this claim to seek same if discovery shows punitive damages may be proper.

## VI. RELIEF REQUESTED

WHEREFORE, Pralle prays that separate judgments be entered against C&W and Midland:

- awarding damages pursuant to 15 U.S.C. § 1692k and § 559.77, Fla. Stat against each;

- awarding costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and § 559.77, Fla. Stat. against each; and

- awarding such other relief as this Court deems just and proper.

## VII. DEMAND FOR JURY TRIAL

Pralle is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

Date: December 5, 2016

/s/ *David W. Fineman*
David W. Fineman, Esq.
FBN: 0040993
Dfineman@DellutriLawGroup.com
THE DELLUTRI LAW GROUP, P.A.
1436 Royal Palm Square Blvd.
Fort Myers, FL 33919
239-939-0900
239-939-0588 – Fax
www.DellutriLawGroup.com
*Trial Counsel*