UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM PRALLE,

    Plaintiff,

v.                                      Case No: 2:16-cv-865-FtM-99CM

COOLING & WINTER, LLC, a
Georgia limited liability
company,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant Cooling & Winter, LLC's Motion to Dismiss Plaintiff's Complaint and Memorandum of Law in Support (Doc. #22) filed on February 3, 2017. Plaintiff filed a Response in Opposition (Doc. #27) on March 20, 2017. Also before the Court is Cooling & Winter, LLC's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 (Doc. #25) filed on March 7, 2017. Plaintiff filed a Response in Opposition (Doc. #33) on March 21, 2017. On April 7, 2017, defendant filed a Notice of Supplemental Authority. (Doc. #37.) For the reasons set forth below, both motions are denied.

**I.**

On December 7, 2016, plaintiff William Pralle (plaintiff or Pralle) filed a Complaint (Doc. #1) pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. and the

Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559.55 et seq. against defendants Cooling & Winter, LLC (C&W) and Midland Funding, LLC (Midland). Plaintiff alleges that he incurred a financial obligation payable to World's Foremost Bank (id. ¶ 9), and that the obligation was subsequently assigned and/or transferred to defendant Midland for collection, (id. ¶ 10). Midland filed suit against plaintiff in the County Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida, Case Number 14-000296-CC. (Id. ¶ 11.) This lawsuit was eventually resolved pursuant to a settlement agreement between Midland and plaintiff ("the Settlement Agreement"). (Id. ¶ 12; Doc. #1-1.) The Settlement Agreement provided that, beginning October 2, 2015, plaintiff would pay Midland $200.00 a month for twelve months, totaling $2,400.00. (Doc. #1-1.) Plaintiff alleges that he fully complied with the terms of the Settlement Agreement. (Doc. #1, ¶ 13.)

Despite plaintiff's full compliance with the Settlement Agreement, Midland hired C&W as new counsel. (Id. ¶ 14.) C&W sent plaintiff correspondence dated April 8, 2016, which plaintiff describes as a "dunning letter." (Id.) Plaintiff asserts that the letter misleadingly and falsely stated that plaintiff owed a balance of $7,263.86 on the obligation. (Id.) The letter did not make any reference to the Settlement Agreement. (Id. ¶ 15.) As a result of the letter, plaintiff asserts he incurred additional

attorney fees for time spent reviewing the letter and the Settlement Agreement. (Id. ¶ 16.)

## II. Motion to Dismiss

Defendant C&W asserts that plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction because plaintiff lacks constitutional standing to bring this action. (Doc. #22, pp. 8-15.) Alternatively, C&W asserts that plaintiff's Complaint should be dismissed for failure to state claims upon which relief may be granted. (Id. at 15-19.) Plaintiff disagrees with each argument presented by C&W. (Doc. #27.)

### A. Count I: Article III Standing

Count I of the Complaint alleges that C&W violated the FDCPA by sending the April 8, 2016 letter to plaintiff's attorney which "falsely and misleadingly misrepresent[ed] an amount that was not due and seeking to collect same." (Doc. #1, ¶ 18.) The letter, attached to both the Complaint and the Motion to Dismiss, stated plaintiff's account "is being serviced by" C&W and that Midland was the current owner of the account. (Doc. #1-2, p. 1.) The letter continued that "[w]e are required to provide some additional information pertaining to this account." (Id.) Included in the information were statements that the "balance" and "current balance" was $7,263.86. (Id.) The letter further directed the recipient to the following page for "IMPORTANT DISCLOSURE INFORMATION." (Id.) That important information included the

3

statements that "**This is an attempt to collect a debt**" and that payments and correspondence should be mailed to a certain address in Georgia. (Id. at 2.) Plaintiff alleges that this letter caused him to incur additional attorney fees for the time to review the letter and the Settlement Agreement. (Doc. #1, ¶ 16.)

Defendant asserts that because the letter was sent to plaintiff's attorney, plaintiff does not have standing to bring the claims. (Doc. #22, pp. 13-14.) The Court rejects this argument. See Miljkovic v. Shafritz & Dinkin, P.A., 791 F.3d 1291, 1302-03 (11th Cir. 2015) (finding that the FDCPA applies to a debt collector's communications with a consumer's attorney to the same extent as the debt collector's communications with the consumer himself).

C&W further asserts that plaintiff does not have standing to bring this action under the principles announced in Spokeo, Inc. v. Robins, 136 S. Ct. 150 (2016). (Doc. #22, pp. 8-15.) The Court disagrees.

To establish Article III standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, 136 S. Ct. at 1547 (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992)). See also Nicklaw v. Citimortgage, Inc., 839 F.3d 998, 1001–02 (11th Cir. 2016). Defendant asserts that plaintiff fails

4

to sufficiently allege the first and second requirements of constitutional standing.

The alleged injury must consist of "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Spokeo, 136 S. Ct. at 1548 (quoting Lujan, 504 U.S. at 560). This holds true regardless of whether the alleged injury is tangible or intangible. See id. at 1549; Sierra Club v. Morton, 405 U.S. 727, 738 (1972). "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element" of standing. Spokeo, 136 S. Ct. at 1547 (quoting Warth v. Seldin, 422 U.S. 490, 518 (1975) (omission in original)). The Eleventh Circuit has summarized Spokeo as follows:

> In Spokeo, the Supreme Court vacated the decision of the Court of Appeals and remanded the issue of whether a plaintiff sufficiently alleged a concrete injury where the plaintiff claimed a statutory violation of the Fair Credit Reporting Act ("FCRA"). 136 S. Ct. at 1545–46. The plaintiff alleged that a website had published inaccurate information about him. Id. at 1544. The Supreme Court emphasized that in addition to being particularized, intangible injuries, including statutory violations, must still be concrete. Id. at 1548 ("A 'concrete' injury must be 'de facto'; that is, it must actually exist."). The Supreme Court stated that "both history and the judgment of Congress play important roles" in determining whether an intangible harm is concrete, explaining that "it is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a

5

>           lawsuit in English or American courts." Id.
>           at 1549. The Supreme Court held that the
>           plaintiff there had only alleged a "bare
>           procedural violation" of the FCRA because the
>           violation, on its own, may not cause any harm
>           or present a material risk of harm. Id. at
>           1550.

Perry v. Cable News Network, Inc., --- F.3d ----, No. 16-13031, 2017 WL 1505064, at *2 (11th Cir. Apr. 27, 2017).

In Perry, plaintiff brought suit under the Video Privacy Protection Act (VPPA) and did not allege any additional harm beyond the statutory violation. Id. The Eleventh Circuit held that this was sufficient to allege a concrete injury for standing purposes. Id. The Court found that the structure and purpose of the VPPA provided actionable rights, and that violation of the VPPA constituted a concrete harm. Id. at *3.

In Church v. Accretive Health, Inc., 654 F. App'x 990 (11th Cir. 2016), the Eleventh Circuit examined whether a plaintiff had standing to bring a claim under the FDCPA arising from receipt of a letter advising her that she owed a debt, but not including certain disclosures required by the FDCPA. The Court first addressed defendant's argument that "Church's injury [was] not sufficiently concrete to support Article III standing because Church incurred no actual damages from Accretive Health's violation of the FDCPA." Id. at 992. The Eleventh Circuit stated:

>           The FDCPA creates a private right of action,
>           which Church seeks to enforce. The Act
>           requires that debt collectors include certain
>           disclosures in an initial communication with

> a debtor, or within five days of such communication. The FDCPA authorizes an aggrieved debtor to file suit for a debt collector's failure to comply with the Act. Thus, through the FDCPA, Congress has created a new right—the right to receive the required disclosures in communications governed by the FDCPA—and a new injury—not receiving such disclosures.
>
> It is undisputed that the letter Accretive Health sent to Church did not contain all of the FDCPA's required disclosures. Church has alleged that the FDCPA governs the letter at issue, and thus, alleges she had a right to receive the FDCPA-required disclosures. Thus, Church has sufficiently alleged that she has sustained a concrete —i.e., "real"—injury because she did not receive the allegedly required disclosures. The invasion of Church's right to receive the disclosures is not hypothetical or uncertain; Church did not receive information to which she alleges she was entitled. While this injury may not have resulted in tangible economic or physical harm that courts often expect, the Supreme Court has made clear an injury need not be tangible to be concrete. Rather, this injury is one that Congress has elevated to the status of a legally cognizable injury through the FDCPA. Accordingly, Church has sufficiently alleged that she suffered a concrete injury, and thus, satisfies the injury-in-fact requirement.

Id. at 994-95 (internal footnotes and citations omitted).

The Court finds this persuasive as to this case. Plaintiff has a right under the FDCPA to receive information from a debt collector that is not "false, deceptive, or misleading." 15 U.S.C. § 1692e. Specifically, as relevant to this matter, it is a violation of the FDCPA for a debt collector to give a "false representation of . . . the character, amount, or legal status of

7

any debt . . . ." Id. § 1692e(2). The Court finds that receipt of a "false representation" of "the character, amount, or legal status of any debt," id., from a debt collector is an injury "that Congress has elevated to the status of a legally cognizable injury through the FDCPA," Church, 654 F. App'x at 995. See also Hall v. Glob. Credit & Collection Corp., No. 8:16-cv-1279-T-30AEP, 2016 WL 4441868, at *3-4 (M.D. Fla. Aug. 23, 2016) (finding defendant's receipt of a communication that contained false and misleading information in violation of the FDCPA was an injury sufficient to confer standing); Bowse v. Portfolio Recovery Assocs., LLC, No. 15 C 4037, --- F. Supp. 3d ----, 2016 WL 6476545, at *1 (N.D. Ill. Nov. 2, 2016), appeal docketed, No. 17-1866 (7th Cir. Apr. 26, 2017); Munoz v. Cal. Bus. Bureau, Inc., No. 1:15-cv-01345-BAM, 2016 WL 6517655, at *5-6 (E.D. Cal. Nov. 1, 2016); Prindle v. Carrington Mortg. Servs., LLC, No. 3:13-cv-1349-J-34PDB, 2016 WL 4369424, at *7-11 (M.D. Fla. Aug. 16, 2016).

Plaintiff has alleged that the letter he received was false and misleading in violation of the FDCPA. As in Perry, this is an injury sufficient to confer standing under Article III. See Perry, 2017 WL 1505064, at *3; see also Prindle, 2016 WL 4369424, at *8 ("By prohibiting such practices and providing consumers with a right to sue for violations of that prohibition, the FDCPA implicitly confers on consumers the right to be free from those practices when they receive debt-collection communications from

debt collectors." (citation omitted)). Further, plaintiff in this case has alleged an additional injury by alleging that the letter caused him to incur additional attorney fees to examine its contents and re-examine the Settlement Agreement. It is clear from the face of the Complaint that this injury is directly traceable to the letter sent by defendant. Accordingly, the Court denies C&W's Motion to Dismiss for lack of standing.

**B. Failure to State a Claim**

**1. Count I: FDCPA**

Defendant also alleges that Count I is not sufficient to state a claim upon which relief may be granted. (Doc. #22, pp. 15-16.) Defendant asserts that the letter, as a matter of law, contained no false or misleading information. (Id.) The Court disagrees.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

C&W asserts that plaintiff's FDCPA claim should be dismissed because the "conduct alleged in the Complaint is on its face not false, deceptive, or misleading under section 1692e of the FDCPA as a matter of law." (Doc. #22, p. 15.) However, nothing on the face of the Complaint or its attachments establishes that there is no false, deceptive, or misleading statement in the letter. C&W's

10

reliance on Miljkovic is misplaced. Miljkovic found that the document at issue was not misleading or deceptive as "[i]t [did] not erroneously state the amount of the debt owed." Miljkovic, 791 F.3d at 1306 (citing Kojetin v. C U Recovery, Inc., 212 F.3d 1318, 1318 (8th Cir. 2000)). The same cannot be said as a matter of law in this case. Defendant has cited no case which holds as a matter of law that the "current balance" of a debt after a settlement agreement is the original amount and not the settlement amount.

Defendant also asserts that the letter was not false or misleading in any way because, pursuant to the Settlement Agreement, defendant had the right to pursue the initial debt amount plus court costs if plaintiff defaulted on the terms of the Settlement Agreement. (Doc. #22, pp. 15-16.) Nothing in the four corners of the Complaint or the Settlement Agreement attached to it establish that plaintiff had defaulted on the terms of the Settlement Agreement, thereby making the initial amount of the debt due. Indeed, the Complaint alleges no such default by plaintiff. (Doc. #1, ¶¶ 13-16.)

Therefore, the Court finds that plaintiff has stated a claim upon which relief can be granted under the FDCPA. The motion to dismiss Count I is denied.

### 2. Count II: FCCPA

Count II alleges that C&W violated the FCCPA by "claiming, attempting, and enforcing a debt known no longer to be legitimate" since defendant was "attempting to collect an alleged Debt from Pralle while knowing the Debt was paid in full." (Doc. #1, ¶ 21.) C&W asserts that plaintiff's FCCPA claim is frivolous because "the conduct alleged is not actionable as a matter of law and because the claim is barred by Florida's litigation privilege." (Doc. #22, p. 16.) C&W also asserts that in order to succeed on his FCCPA claim, plaintiff "will have to prove that Defendant asserted the existence of legal right to enforce a debt that it knew did not exist when it sent the CFPB Letter" and plaintiff will be unable to prove this. (Id. at 17.)

The FCCPA prohibits any person from claiming, attempting, or threatening to enforce a consumer debt "when such person *knows* that the debt is not legitimate." Fla. Stat. § 559.72(9) (emphasis added). Plaintiff's Complaint alleges that the "acts and omissions of the C&W attempting to collect an alleged Debt from Pralle while knowing the Debt was paid in full constitutes a violation of the FCCPA claiming, attempting, and enforcing a debt known no longer to be legitimate." (Doc. #1, ¶ 21.) At this stage of the proceedings, this is sufficient to allege that C&W had knowledge that the debt was not legitimate. Whether or not plaintiff can

ultimately prove C&W's knowledge is not an issue for determination by a motion to dismiss.

Defendant also asserts that plaintiff's FCCPA claim is barred by Florida's litigation privilege. (Doc. #22, p. 18.) Plaintiff disagrees, asserting that the Florida litigation privilege does not apply to plaintiff's FCCPA claim because the letter was not sent or used in the course of litigation. (Doc. #27, pp. 8-9.)

A complaint need not rebut a potential affirmative defense. Dismissal under Federal Rule of Civil Procedure 12(b)(6) on the basis of an affirmative defense "is appropriate only if it is apparent from the face of the complaint" that the affirmative defense applies. Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1288 (11th Cir. 2005) (citation omitted). Thus, at the motion to dismiss stage, a complaint may be dismissed on the basis of an affirmative defense "only if it appears beyond a doubt that Plaintiffs can prove no set of facts" to refute the affirmative defense. Id. at 1288 n.13 (citation omitted).

It is not clear that the litigation privilege applies.[1] The letter was sent after the underlying litigation had concluded,

---

[1] The litigation privilege in Florida is an affirmative defense that provides immunity for statements made during the course of judicial proceedings that are relevant to the proceedings. Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co., 639 So. 2d 606, 607-08 (Fla. 1994) (citation omitted). The heart of the rule is "the perceived necessity for candid and unrestrained communications in [judicial] proceedings, free of the threat of legal actions predicated upon

13

absent a default.  E.g., N. Star Capital Acquisitions, LLC v. Krig, 611 F. Supp. 2d 1324, 1329 (M.D. Fla. 2009) (finding that Florida Supreme Court would not apply Florida Litigation Privilege to correspondence attempting to collect a debt served with the summons and complaint).  But even if the Florida litigation privilege applies, it is an affirmative defense which need not be rebutted in a complaint.  The Complaint does not establish that plaintiff can prove no set of facts which could refute such an affirmative defense.

Accordingly, defendant C&W's Motion to Dismiss (Doc. #22) is **denied**.

### III. Motion for Sanctions

C&W requests this Court impose sanctions against plaintiff and plaintiff's counsel for "filing a frivolous Complaint that lacks Article III standing and fails to state a claim upon which relief may be granted."  (Doc. #25, p. 1.)  The Court has found none of defendant's arguments to be meritorious, and that the Complaint is sufficient.  Defendant is entitled to no sanctions.

Accordingly, it is now

**ORDERED:**

1.   Defendant Cooling & Winter, LLC's Motion to Dismiss Plaintiff's Complaint and Memorandum of Law in Support (Doc. #22)

---

those communications . . . ." Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole, 950 F.2d 380, 384 (Fla. 2007).

is **DENIED.** Defendant Cooling & Winter, LLC shall file a responsive pleading to plaintiff's Complaint within **fourteen (14) days** of the date of this Opinion and Order.

2. Defendant Cooling & Winter, LLC's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 (Doc. #25) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __2nd__ day of May, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record